IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
------------------------------------------------    :
RUBEN PARTIDA-CERVANTES                       :   CASE NO.  4:05 CV 2437
                                              :
                      Petitioner              :
                                              :
          -vs-                                :   MEMORANDUM OF OPINION
                                              :
WARDEN, F.C.I. ELKTON                         :
                                              :
                      Respondent              :
------------------------------------------------    :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 17 October 2005, pro se petitioner Ruben Partida-Cervantes filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Partida-Cervantes, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against the Warden at F.C.I. Elkton.  He maintains that respondent violated his constitutional rights during the disciplinary process at F.C.I. Elkton.

*Background*

Mr. Partida-Cervantes was placed in the segregation unit at F.C.I. Elkton on 14 April 2005.  Three days later, at 3:00 p.m., he was served with a copy of an Incident Report charging him with possession of narcotics, Code 113, Greater Severity.  A Unit Disciplinary Hearing was held on the morning of 18 April 2005.  Following the hearing, the matter was referred to the Disciplinary Hearing Officer (DHO), who found Mr. Partida-Cervantes guilty of the prohibited acts on 3 May 2005.  The DHO imposed the following

sanctions: 60 days of disciplinary segregation, loss of visiting privileges for 365 days and a loss of 40 days good credit time.

## *Analysis*

In his petition before this court, Mr. Partida-Cervantes asserts that he is entitled to relief from this court because the Incident Report was delivered to him more than 24 hours after the incident occurred on 14 April 2005, a violation of Bureau of Prison (BOP) Policy 5270.07.[1] Further, when the Unit Disciplinary Committee did not hold its hearing until the morning of 18 April 2005, petitioner asserts the same policy was violated by respondent.[2] He claims he was not represented by a staff member or a translator, even though he is a Mexican national. He denied any involvement with the narcotics that were

---

[1]The policy, as set forth in the Code of Federal Regulations, states:

> (a) Staff shall give each inmate charged with violating a Bureau rule a written copy of the charge(s) against the inmate, ordinarily within 24 hours of the time staff became aware of the inmate's involvement in the incident.

28 C.F.R. § 541.15(a)

[2]The policy to which he is referring, is codified as follows:

> (b) Each inmate so charged is entitled to an initial hearing before the UDC, ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident. This three work day period excludes the day staff became aware of the inmate's involvement in the incident, weekends, and holidays.

28 C.F.R. § 541.15(b). The facts set forth in Mr. Partides-Cervantes's petition suggest that the BOP complied with the regulations. The incident occurred on Thursday, 14 April 2005 and an incident report was prepared on the same date. Therefore, if the UDC hearing must be scheduled three work days from the time the staff became aware of the incident, excluding the date of the incident and weekends, the BOP had until 19 April 2005 to conduct a UDC hearing.

2

discovered and notes that the two other inmates in his cubicle were also found guilty of narcotics possession. He adds that two witnesses testified on his behalf during the DHO hearing that petitioner did not "associate himself with narcotics." (Pet. at 3.) Moreover, he complains that the narcotics were only tested using a standardized 'field test' without a second test to confirm the presence of THC.[3]

Under all three grounds for relief in his petition, Mr. Partida-Cervantes asserts that he has a liberty interest in the disciplinary process that has been "blantantly [sic] violated, as set forth above in violation of the Fifth and Fourteenth Amendments to the United States Constitution." (Pet. at 3.) He claims that this right includes an obligation on the part of the BOP "to perform or direct the performance of a second test, either by gas spectometry [sic] or emulsion, to confirm the presence of THC in the alleged narcotics." (Pet. at 4.) He now seeks to have the Incident Report expunged from his file, the restoration of 40 days good credit time and reinstatement of his visiting privileges.

*Federal Habeas Corpus Petitions*
*28 U.S.C. § 2241*

It is clear Mr. Partida-Cervantes is seeking to challenge the manner in which his current sentence is being executed. The Sixth Circuit has consistently held that claims asserted by federal prisoners seeking to challenge the execution or manner in which their sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United

---

[3] This is presumably a reference to tetrahydrocannabinol, the chief intoxicant in marijuana .

3

States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Thus, petitioner has properly asserted his claims under § 2241 against the warden at F.C.I. Elkton.

Although Mr. Partida-Cervantes claims he has exhausted his administrative remedies, there is no copy of any decision on appeal or any reference to the basis upon which the BOP allegedly denied his appeals. See Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam) (federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus). Without more, the court is left to examine the petition and a copy of the incident report which, together, reveal that the general assertions set forth by petitioner do not rise to the level of a constitutional violation.

*Disciplinary Hearings*
*Right to Due Process*

Mr. Partida-Cervantes contends that his rights under the Due Process Clause have been violated because (1) he received his incident report three days after the incident occurred, (2) he was not represented by a staff member or provided a translator, (3) he is innocent and had witnesses testify that he does not "associate with drugs" and (4) the BOP failed to conduct a second test to verify the presence of THC in the substance found in his cubicle. Moreover, he claims the DHO only relied on the incident report, pictures of the "alleged marijuana" and a confidential informant to conclude that he committed the infraction.[4]

When a prisoner faces the loss of good time credits, due process requires that a prisoner receive the following hearing rights: 1) written notice of the hearing at least

---

[4] A review of the Incident Report indicates that the use of a confidential information was "not applicable" in this case.

4

24 hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Further, some evidence must exist to support the disciplinary conviction. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). Therefore, insofar as Mr. Partida-Cervantes contends that he should not have been charged with or sanctioned for possession of narcotics because he was not provided with a copy of incident report in a timely manner, he has no claim.

The substance of his petition amounts to a claim that the DHO's decision was not supported by the evidence. A federal court's review of the quantum of evidence supporting a prison disciplinary board's decision is limited to determining whether some evidence supports the decision. Id. at 455. The court is not permitted to re-weigh the evidence presented to the board. Id. Prison officials' determinations in disciplinary cases must be made quickly in a highly charged atmosphere, id. at 456, and the "Constitution does not require evidence that precludes any conclusion but the one reached by the disciplinary board." Id. at 457.

Although Mr. Partida-Cervantes asserts that his due process rights were violated, the requirements of due process are satisfied if "there was some evidence from which the conclusion of the administrative tribunal could be deduced ... ." United States v. Commissioner of Immigration, 273 U.S.103, 106 (1927). The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact, and the revocation of good time credits

is not comparable to a criminal conviction. Wolff, 418 U.S. at 556. Thus, neither the amount of evidence necessary to support such a conviction, see Jackson v. Virginia, 443 U.S. 307 (1979), nor any other standard greater than "some evidence" applies in this context. Superintendent v. Hill, 472 U.S. at 456.

The record reveals that Mr. Partides-Cervantes received all due process protections required by Wolff.[5] He claims that by not giving him a copy of the incident report within 24 hours, the defendants violated his due process rights. However, the record reveals that: 1) Mr. Partides-Cervantes was advised of the charges and of his rights 15 days before his appearance before the DHO (clearly more than 24 hours before his appearance ); 2) Mr. Partides-Cervantes was given the opportunity to call witnesses; 3) Mr. Partides-Cervantes waived his right to be assisted at the hearing by a staff representative; 4) Mr. Partides-Cervantes was advised in writing of the DHO's findings, the specific evidence relied upon, and the reasons for the sanctions imposed; and 5) Mr. Partides-Cervantes was advised of his right to appeal the sanctions. Thus, the delay between the discovery of the narcotics and his receipt of a copy of the incident report charging him with possessing narcotics did not compromise petitioner's due process rights. Moreover, Mr.

---

[5]The Supreme Court later interpreted the provisions of Wolff, as follows:

> The written statement mandated by Wolff requires a disciplinary board to explain the evidence relied upon, recognizing that due process requires some evidentiary basis for a decision to revoke good time credits will not impose significant new burdens on proceedings within the prison. Nor does it imply that a disciplinary board's factual findings or decisions with respect to appropriate punishment are subject to second-guessing upon review.

Superintendent v. Hill, 472 U.S. at 455.

Partides-Cervantes did not allege that he suffered an atypical and significant hardship as a result of the sanctions imposed. See Sandin v. Conner, 515 U.S. 474, 485 (1995)("Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law").

Satisfying the standard of "some evidence" does not require an examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Therefore, Mr. Partides-Cervantes has no legal foundation to support his averment that a second test should have been performed to verify the presence of THC in the substance found within his cubicle. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See Wolff, 418 U.S. at 556; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133-134 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (8th Cir. 1974).

The DHO concluded that the prohibited act of possession of any narcotic not prescribed by medical staff was committed based on the greater weight of the evidence. This included the incident report indicating that 12 bags of a green leafy substance were stuffed in white tissue and secured to the bottom leg of the bunk ladder in petitioner's cubicle. A test of the substance using a NIK test Kit E resulted in a positive reading for THC. Mr. Partida-Cervantes was assigned to the cubicle where the narcotics were found and, although his claims of innocence were considered along with those of his witnesses, the DHO believed it unlikely that another inmate would use such a valuable quantity of drugs to set-up another inmate. The DHO believed it more likely that another form of contraband of lesser value would have been used for that purpose. Moreover, the DHO noted in his report that the delay in providing a copy of the incident report was based on

the fact that the report needed to be re-written in order to provide proper notice of the charges against Mr. Partida-Cervantes since other inmates were involved.

Even if Mr. Partida-Cervantes does not agree with these findings, there is some evidence that narcotics were found in his possession. Because the DHO's decision is supported by "some evidence" in the record, Mr. Partida-Cervantes's due process rights were not violated.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 30 January 2006