IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------  :
RUBEN PARTIDA-CERVANTES             : CASE NO.  4:05 CV 2437
                                                              :
                                        Petitioner  :
                                                              :
           -vs-                                        : MEMORANDUM OF OPINION AND
                                                              : ORDER
WARDEN, F.C.I. ELKTON                      :
                                                              :
                                    Respondent  :
------------------------------------------------------  :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is pro se petitioner Ruben Partida-Cervantes's "Motion for Reconsideration and/or Relief from the Judgment" [Docket No. 6] filed pursuant to Federal Civil Rule 60(b) on 17 February 2006.[1]  Mr. Partida-Cervantes seeks this Court's reconsideration of its 30 January 2006 Memorandum of Opinion dismissing his Section 2241 habeas corpus petition pursuant to 28 U.S.C. §2243.

*Motion for Reconsideration and/or Relief*

Where a party's motion for reconsideration is not filed within the mandatory 10-day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment.  Feathers v. Chevron U.S.A., Inc, 141 F.3d 264, 268 (6th Cir. 1998).  Mr. Partida-Cervantes's motion was clearly filed beyond the 10-day limit; therefore,

---

[1] Although the motion is captioned and signed, "Ruben *Patrida*-Cervantes," the court will refer to petitioner by the sur-name filed in the original pleading.

the Court will address it as a motion for relief from judgment pursuant to a Rule 60(b).

A Rule 60(b) motion may be granted only for certain specified reasons, which include:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

Feathers, 141 F.3d at 268 (quoting Fed. R. Civ. P. 60(b)). Here, Mr. Partida-Cervantes maintains this Court's decision should be set aside because it did not address the Bureau of Prisons' (BOP) failure to comply with its own regulations regarding the use of confidential informants and because the opinion "inaccurately relates the factual background of Petitioner's receipt and service of the Incident Report in question." (Mot. Recon. at 1.)

*No Basis for Relief From Judgment*

With regard to the confidential informant, there is no issue for the Court to address. In spite of the fact that Mr. Partida-Cervantes failed to provide any of the responses he allegedly received from the BOP during the grievance process, a review of the Incident

Report clearly notes "N/A" under the reference to a confidential informant. The Court has no reason to believe this abbreviation indicates anything other than the fact that the section regarding confidential informants was "Not Applicable" to petitioner's case. Furthermore, the Disciplinary Hearing Officer makes no reference to a "confidential informant" when he outlines the evidence upon which he relied to determine that the petitioner committed a prohibited act. Accordingly, no basis in fact or law has been put forward to support Mr. Partida-Cervantes's challenge of this Court's alleged failure to address the DHO's reliance on a confidential informant, when there is no suggestion in the record that a confidential informant was used in this matter.

Similarly, there is no merit to Mr. Partida-Cervantes's assertion that this Court failed to accurately address his belated receipt of the incident report. Petitioner did not have a constitutionally protected liberty interest in having the BOP comply with its regulations and procedures. Lee v. Young, No. 01-6329, slip op. at 2 (6th Cir. July 31, 2002). As this court noted in the Memorandum of Opinion dismissing this complaint, "due process requires that a prisoner receive . . . written notice of the hearing at least 24 hours in advance." (Mem. Op. at 5.). This Court outlined the facts supporting its determination that petitioner received a copy of the incident report 15 days before the DHO hearing. See Memorandum of Opinion at 6. Thus, there is no dispute that Mr. Partida-Cervantes's due process rights were not compromised when he received written notice more than 24 hours before the Disciplinary Hearing. Accordingly, his secondary basis for setting aside this Court's judgment must also fail.

Based on the foregoing, the motion for reconsideration [Docket No. 6] is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

3

could not be taken in good faith.

       IT IS SO ORDERED.

                                                                           /s/Lesley Wells
                                                    UNITED STATES DISTRICT JUDGE

Dated: 13 October 2006